UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Yoandy F. Morales, | Case No.: 2:21-cv-00944-JAD-BNW |
| Plaintiff | |
| v. | **Order Screening Complaint** |
| William Hutchings, et al., | [ECF No. 1-1] |
| Defendants | |

Plaintiff Yoandy F. Morales brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth and Fourteenth Amendment rights were violated while he was incarcerated at the Southern Desert Correctional Center (SDCC). Because Morales applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has not pled any colorable claims, so I dismiss the complaint without prejudice and with leave to file an amended complaint by January 18, 2022.

**I.   Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek

---

[1] ECF No. 1. Although I do not consider Morales's application to proceed *in forma pauperis* at this time, it appears that he does not qualify to proceed *in forma pauperis*. If Morales believes that his financial circumstances have changed, he may file an updated application to proceed *in forma pauperis*. But if he doesn't qualify, he must pay the $402 filing fee in full before his complaint can be served on the defendants.

[2] *See* 28 U.S.C. § 1915A(a).

monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id*.

## II. Screening the complaint

In the complaint, Morales sues Warden William Hutchings and Dr. Agustin for events that took place while he was incarcerated at SDCC.[11] Morales brings an Eighth Amendment claim for deliberate indifference to serious medical needs and a claim for Fourteenth Amendment due-process violations.[12] He seeks monetary damages and injunctive relief in the form of a bilingual correctional officer to translate for Spanish-speaking inmates.[13]

Morales alleges the following: He submitted an informal grievance to prison officials about the lack of qualified individuals who could effectively translate on behalf of Spanish-speaking inmates at the SDCC medical clinic.[14] This was a significant issue for the large population of Spanish-speaking inmates in need of medical attention at SDCC.[15] Inmates have a right to be treated in a just and humane manner, but prison officials violated this right by limiting Hispanic inmates' access to healthcare based solely on language barriers.[16] Because Spanish-speaking inmates are unable to effectively communicate their health concerns to medical practitioners and medical personnel, the medical staff are unable to diagnose or address their patients' concerns.[17] In many cases, medical staff must bring in a correctional officer or another inmate to translate. This was unethical and violated the patients' privacy. SDCC medical personnel only spoke English. Prison officials need a qualified interpreter in the SDCC medical unit.

---

[11] ECF No. 1-1 at 1–2.
[12] *Id.* at 5, 9.
[13] *Id.* at 9.
[14] *Id.* at 3.
[15] *Id.* at 3–4.
[16] *Id.* at 4.
[17] *Id.*

Prison officials must have an adequate system to ensure that prisoners' medical needs are identified, diagnosed, and treated. If disorganization and dysfunction in a medical program prevents Morales from receiving necessary care, it could amount to deliberate indifference. Morales could not clearly communicate his medical problems to Sonya, Dr. Agustin, and other SDCC medical staff because they could not speak or understand Spanish. The medical screener did not have adequate Spanish training.[18]

### A. Deliberate indifference to serious medical needs

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[19] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[20] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[21] For the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain."[22] For the second prong, he must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[23] This requires that the prison official "knows of and disregards an

---

[18] *Id.* at 6.
[19] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).
[20] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).
[21] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).
[22] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).
[23] *Id.*

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[24] The Ninth Circuit recognized in *Anderson v. Cty. of Kern* that the failure to provide translators for medical treatment can constitute deliberate indifference:

> An impenetrable language barrier between doctor and patient can readily lead to misdiagnoses and therefore pain and suffering. This type of language problem which is uncorrected over a long period of time and as to which there is no prospect of alleviation, can contribute to unconstitutional deficiencies in medical care.[25]

Morales falls short of stating a colorable claim for deliberate indifference to serious medical needs. Though he generally alleges that there were no Spanish translators in the SDCC medical department, he does not provide any allegations demonstrating how the lack of translators affected his medical care and caused an Eighth Amendment violation. Morales has not demonstrated how Hutchings or Agustin purposefully failed to act or respond to his possible medical need and the harm caused. So I dismiss this claim without prejudice.

**B.    Due Process**

To state a colorable Fourteenth Amendment Due Process Clause violation, a plaintiff must establish: (1) a liberty or property interest that he or she has been deprived of, and (2) that the procedures followed by the State were constitutionally insufficient.[26] Morales simply mentions the term "due process violation" in his complaint but does not provide any allegations demonstrating a deprivation of a liberty or property interest and does not identify any

---

[24] *Farmer*, 511 U.S. at 837; *see also Peralta*, 744 F.3d at 1086.

[25] *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (quoting *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983)).

[26] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

constitutionally deficient procedures. I thus dismiss Morales's due-process claim without prejudice with leave to amend.

### III. Leave to amend

Because I cannot yet conclude that Morales cannot state true facts to cure the deficiencies in his claims, I grant him leave to file an amended complaint. If Morales chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[27] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint," and it may not state new or different claims. Morales must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by January 18, 2022.**

I provide two additional notes of caution for Morales to keep in mind when drafting an amended complaint in this case: (1) he can't pursue duplicative litigation and (2) he can't assert his claims on a class basis. So, to the extent that Morales is already pursuing another federal case on this issue, he can't repeat those claims here. In 2:21-cv-00121-JAD-VCF at ECF No. 6, I gave Morales leave to amend his claim against Defendants Sonya and Dr. Augustin based on language barriers and deliberate indifference to Morales's medical needs. Morales may not pursue duplicate lawsuits in this court.[28] If he now recognizes that he may be trying to pursue

---

[27] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that a plaintiff need not replead claims dismissed with prejudice in order to preserve them for appeal).

[28] *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical

duplicative lawsuits, he may move to voluntarily dismiss one of the lawsuits.  To the extent that Morales may be trying to initiate a class action lawsuit on behalf of all Spanish-speaking inmates at SDCC, he cannot do so because *pro se* litigants like Morales have the right to plead and conduct their own cases personally only[29]—the law does not allow them to represent anyone other than themselves.[30]

## Conclusion

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is dismissed in its entirety with leave to amend by January 18, 2022.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Morales the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Morales chooses to file an amended complaint, he must

---

causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

[29] *See* 28 U.S.C. § 1654.

[30] *See Cato*, 70 F.3d at 1105 n.1; *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If Morales does not file an amended complaint, by January 18, 2022, this action will be dismissed without prejudice.**

Dated: December 17, 2021

_____
U.S. District Judge